**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**ROBERT LACKEY**                                                                                      **PLAINTIFF**
**ADC#140854**

**V.**                                          **CASE NO. 5:15-CV-00111 DPM/BD**

**JAMES GIBSON**                                                                                      **DEFENDANT**

**RECOMMENDED DISPOSITION**

**I.      Procedure for Filing an Objection:**

This Recommended Disposition ("Recommendation") has been sent to Judge D. P. Marshall Jr.  Either party to this suit may file written objections with the Clerk of Court within fourteen (14) days of filing of the Recommendation.  Objections must be specific and must include the factual or legal basis for the objection.

By not objecting, you may waive any right to appeal questions of fact.  And, if no objections are filed, Judge Marshall can adopt this Recommendation without independently reviewing the record.

**II.     Background:**

Robert Lackey, an inmate at Delta Regional Unit of the Arkansas Department of Corrections ("ADC"), filed this lawsuit *pro se* under 42 U.S.C. § 1983 on April 10, 2015. In his original complaint, Mr. Lackey sued nine defendants and included claims for deliberate indifference to medical needs, discrimination by facility personnel, and retaliation.  (Docket Entry #2)  He filed an amended complaint, however, on June 1,

2015. The amended complaint included only a retaliation claim against Warden James Gibson. (#5) After the amended complaint was filed, the Court dismissed all other defendants and claims. (#11)

Defendant Gibson answered the complaint on July 1, 2015. (#10) He then filed a motion for summary judgment, contending that Mr. Lackey had not completed administrative remedies required by the Prison Litigation Reform Act prior to filing this lawsuit. (#14) For the reasons set forth below, Defendant Gibson's motion for summary judgment (#14) should be GRANTED.

## III.   Discussion:

### A.   Standard

Summary judgment (judgment without a trial) is granted when evidence in the record shows that there is no real dispute as to any fact important to the outcome of the case. FED. R. CIV. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

### B.   Exhaustion of Administrative Remedies

Before a prisoner can file suit under 42 U.S.C. § 1983, he or she must exhaust all available administration remedies. 42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 739 (2001). Exhaustion requirements are determined by the jail or prison where the prisoner is confined rather than by federal law. *Jones v. Bock*, 549 U.S. 199, 218 (2007); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) (an inmate must exhaust all available

administrative remedies before filing suit, and "[i]f exhaustion was not completed at the time of filing, dismissal is mandatory").

Defendant Gibson provided a copy of the ADC grievance procedure in support of his motion. (#14-2) The grievance procedure requires an inmate first to submit an informal Unit Level Grievance Form to the designated Problem Solver. The informal grievance must specifically name each individual involved in the incident or occurrence that gave rise to the grievance and describe the issue to be addressed. If the issue is not resolved, the prisoner must lodge a formal grievance to continue the process. (#14-2 at pp. 5-10) The prisoner must appeal if he or she believes that the problem has not been resolved in order to complete the process, and the Unit Level Grievance Form must be attached to the Appeals Form. (#14-2 at pp. 11-13)

In support of his motion for summary judgment, Defendant Gibson offered the declaration of Barbara Williams, the ADC's Inmate Grievance Supervisor at Pine Bluff. (#14-1) In her declaration, Ms. Williams states that Mr. Lackey filed nine grievances related to this complaint, but he did not name Defendant Gibson, or even allude to any retaliatory acts by Defendant Gibson in any of these grievances. (#14-1 at p.3) Mr. Lackey has not come forward with evidence to dispute Ms. Williams's sworn statement.

Based on this evidence, it is undisputed that Mr. Lackey failed to exhaust his administrative remedies prior to filing his complaint. Therefore, Defendant Gibson's motion for summary judgment should be granted**.**

## IV. Conclusion:

The Court recommends that Defendant Gibson's motion for summary judgment (#14) be GRANTED. Mr. Lackey's claims should be DISMISSED, without prejudice.

DATED this 19th day of October, 2015.

_____
UNITED STATES MAGISTRATE JUDGE